**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

|  |  |  |
|---|---|---|
| MARK LYLE BELL, | § | |
|  | § | |
|  | § | |
| Plaintiff, | § | |
|  | § | |
| v. | § | CASE NO. 5:24-CV-142-RWS-JBB |
|  | § | |
| KODY SCHUR, *et al.*, | § | |
|  | § | |
| Defendants. | § | |
|  | § | |

## ORDER

*Pro se* Plaintiff Mark Bell filed this lawsuit alleging that Defendants deprived him of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. Before the Court is the Magistrate Judge's August 15, 2025 Report and Recommendation (Docket No. 11), recommending Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket No. 4) be denied.

## BACKGROUND

Plaintiff's lawsuit concerns the conditions of his confinement at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. Docket No. 1 at ¶ 3. Plaintiff alleges he filed grievances in August 2022 complaining of rat, roach, and ant infestations and that he lost $200 worth of commissary goods due to these infestations. *Id.* at ¶¶ 12, 17.

In September 2023, Plaintiff says that he and other G3 (medium custody) inmates were moved to Three Building, which had been shut down for almost two years. *Id.* at ¶ 13. In May 2024, Plaintiff says that Defendants moved him and other medium custody inmates to 8 Building J Pod, which had been vandalized by the previous occupants. *Id.* at ¶ 25. He states that there was trash everywhere, clogged plumbing and toilets, and sewage water ankle deep in the dayroom and the

cells on One Row. *Id.* Plaintiff says that the inmates were denied cleaning supplies and that the mattresses they received were not cleaned or sanitized. *Id.* at ¶¶ 24, 27.

Next, Plaintiff complains about the food. He states that from September 6 to October 13, 2023, his housing area was on lockdown. Docket No. 1 at ¶ 28. During this lockdown, the inmates received only sack meals. *Id.* The housing area again went on lockdown from March 5 to April 5, 2024, and again the inmates received only sack meals during this time. *Id.* The breakfasts consisted of two, 3x3 inch pieces of pan bread, supplemented on rare occasions with a small carton of cereal without milk or a few prunes, while lunch and dinner consisted of two sandwiches which Plaintiff describes as "stale" and "raw," with the same kind of meat for a week at a time. *Id.* at ¶¶ 28–29.

After this lockdown ended, Plaintiff says that the inmates continued to receive sack meals, with an occasional full meal. *Id.* at ¶ 29. He states that they received only sack meals throughout April 2024 and then received 82 sack meals and 11 full meals in May, 61 sack meals and 29 full meals in June, and 73 sack meals and 15 full meals in July 2024. Plaintiff argues that this amounts to inadequate nutrition. *Id.*

On September 23, 2024, Plaintiff filed the currently pending motion for a temporary restraining order or preliminary injunction, challenging the totality of these conditions. Docket No. 4. He asks the Court to order that: (1) he receive proper compensation for his lost property; (2) Defendants complete an extermination of the entire unit, including every building, every cell, and every pipe chase; (3) Defendants properly clean every cell and pod area and cleaning crews be promptly dispatched at a moment's notice to clean and sanitize empty cells and dayrooms; (4) the kitchen and dining hall be kept clean at all times, especially during meal times; (5) sack meals be discontinued except during the annual 30 day lockdown; (6) trash cans be emptied three times a day

and cleaned; (7) officers should go from cell to cell and ask each inmate if anything needs repair; and (8) all needed plumbing, electrical, and foundation repairs be done. Docket No. 4 at 1.

## REPORT OF THE MAGISTRATE JUDGE

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion for injunctive relief be denied. Docket No. 11 at 4. The Magistrate Judge stated that a movant for temporary injunctive relief must demonstrate (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the non-movant; and (4) the granting of the injunction will not disserve the public interest. Docket No. 11 at 2–3 (citing *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984)). The Magistrate Judge observed that the movant "clearly carries the onerous burden of persuasion" as to all of these elements, conclusory allegations are not sufficient to show entitlement to injunctive relief, and that the injury in question must be imminent and cannot be speculative. Docket No. 11 at 3 (citing *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (5th Cir. 1983)).

In applying these standards, the Magistrate Judge determined that Plaintiff failed to show a substantial likelihood of prevailing on the merits of his claims. Docket No. 11 at 3. More significantly, the Magistrate Judge stated that under the Prison Litigation Reform Act, prospective relief in any civil action with respect to prison conditions may extend no further than necessary to correct the violation of the federal right of a particular plaintiff, and a prisoner may not obtain a preliminary injunction unless the court first finds such relief is narrowly drawn, extends no further than necessary to correct the harm the court finds requires preliminary relief, and is the least intrusive means necessary to correct the harm. *Id.* In addition, the court shall give substantial weight to any adverse impact on public safety, or the operation of a criminal justice system, caused

by the relief and shall respect the principles of comity where state or local law is concerned. 18 U.S.C. § 3626; *see also Nelson v. Campbell*, 541 U.S. 637, 649 (2004).

In this case, the Magistrate Judge determined that Plaintiff's requested relief was not narrowly drawn or the least intrusive means necessary to correct any hypothetical harm. Docket No. 11 at 4. Rather, the Magistrate Judge stated that the requested relief was broadly drawn, highly intrusive, and would represent substantial federal interference with the operation of a state prison. *Id.* As such, the Magistrate Judge concluded that Plaintiff failed to show the type of extraordinary circumstance required to justify such interference, particularly in light of the fact that the Court must give substantial weight to any adverse impact upon the operation of TDCJ and must respect the principles of comity regarding state law. *Id.* The Magistrate Judge therefore recommended that Plaintiff's motion for injunctive relief be denied.

## PLAINTIFF'S OBJECTIONS

In his objections, Plaintiff states that he filed multiple grievances and requests, and spoke to Warden Schur, concerning the infestations, but was only told to keep his living area clean, which was impossible without cleaning supplies or proper pest control. Docket No. 14 at 1. He says that in May of 2024, the inmates moved into J Pod stayed in raw sewage for some two and a half days, with rats, roaches, and spiders everywhere. *Id.* at 2. Pest control went there twice but only sprayed the pipe chases (i.e., behind the cells) and not the cells themselves. *Id.* The rats come out at night and Plaintiff says he has lost over $30.00 more in commissary goods because former warden Feazell had all the locker box doors removed. *Id.*

Plaintiff says that his requested relief should also include cleaning and sanitizing all of the air vents, the windows fixed, and screens placed on the windows to keep out mosquitos. *Id.* He

says, "Though the courts lack concerns involving prisoners, the question applied to the courts [is] who then will police the police." *Id.* at 3.

## ANALYSIS

Plaintiff does not mention, much less controvert, the Magistrate Judge's conclusions that he failed to show a substantial likelihood of prevailing on the merits and that his requested relief falls well outside the parameters for injunctive relief set out in the Prison Litigation Reform Act. The Fifth Circuit has explained that "parties filing objections [to a magistrate judge's report] must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded in part by* 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to 14 days).

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After review, the Court concludes that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Report of the Magistrate Judge (Docket No. 11) is **ADOPTED** as the opinion of the Court. It is further

**ORDERED** that the Plaintiff's motion for a temporary restraining order or preliminary injunction (Docket No. 4) is **DENIED**.

**So ORDERED and SIGNED this 22nd day of September, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE